UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABELARDO MORALEZ, | Case No. 13-12302 |
| Plaintiff, | Paul D. Borman |
| v. | United States District Judge |
| CITY OF JACKSON POLICE DEPARTMENT, *et al*, | Michael Hluchaniuk United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND MOTIONS TO DISMISS (Dkt. 7, 12)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed this civil rights action on May 23, 2013.  (Dkt. 1).  This matter was referred to the undersigned for all pretrial purposes.  (Dkt. 11).  Defendants Adam Brown, Karen A. Coffman, Joseph S. Philip, Richard N. Laflamme, Michael Overton, and Amanda Riska filed a motion to dismiss the complaint on June 24, 2013.  (Dkt. 7).  Before this matter was referred to the undersigned, Judge Borman issued a notice of hearing, requiring plaintiff to file a response to the motion to dismiss by July 22, 2013.  (Dkt. 8).  Plaintiff did not file a timely response. On October 4, 2013, defendants Gilbert Carlson, Dannis M. Diffenderfer, Elmer Hitt, and David Taylor also filed a motion to dismiss.  (Dkt. 12).  Plaintiff was ordered to file a response by November 15, 2013.  (Dkt. 13).  This order provided that the

"**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 13) (emphasis in original). A review of the docket revealed that plaintiff had not filed a timely response to these motions and has not moved for an extension of time. Instead, plaintiff filed a motion to disqualify the undersigned magistrate judge, which has been denied. (Dkt. 14, 15).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Adam Brown, Karen A. Coffman, Joseph S. Philip, Richard N. Laflamme, Michael Overton, Amanda Riska, Gilbert Carlson, Dannis M. Diffenderfer, Elmer Hitt, and David Taylor be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motions (Dkt. 7, 12) be **TERMINATED** as **MOOT**.

II.  ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*,

370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro,*, 173 F.3d at 991, citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff in writing that dismissal in defendants' favor would be

granted if he failed to file a response to the motion. (Dkt. 13). In addition, plaintiff previously ignored Judge Borman's notice requiring a response to the first motion to dismiss. Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. at *5. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. It is readily apparent that plaintiff does not intend to provide substantive responses to the pending motions to dismiss. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's repeated failures to file substantive responses as ordered, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute. Given the foregoing conclusions, the undersigned also recommends that all pending motions be terminated as moot.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants Adam Brown, Karen A. Coffman, Joseph S. Philip, Richard N. Laflamme, Michael Overton, Amanda Riska, Gilbert Carlson, Dannis M. Diffenderfer, Elmer Hitt, and David Taylor be **DISMISSED**

with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motions (Dkt. 7, 12) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 21, 2013                     s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 21, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Audrey J. Forbush, Shaina R. Reed, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Abelardo Moralez, 729 Page Avenue, Jackson, MI 49203.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov